## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

Jeffery Werner,               )

      Plaintiff,         )

      v.                 )     No.

ER Solutions, Inc., a Washington   )     **1 : 08-cv- 0 6 3 7 -DFH -JMS**
corporation,                   )

      Defendant.     )     <u>Jury Demanded</u>

### COMPLAINT

Plaintiff, Jeffery Werner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.     Plaintiff, Jeffery Werner ("Werner"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Verizon Wireless.

4.     Defendant, ER Solutions, Inc. ("ERS"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Werner.

## FACTUAL ALLEGATIONS

5.      Defendant ERS sent Mr. Werner a collection letter dated January 10, 2008, demanding payment of a debt allegedly owed to Verizon Wireless.  The letter stated that Mr. Werner owed $71.80 in "collection costs", but failed to advise Mr. Werner of the contractual or legal basis for the alleged "collection costs".  A copy of this letter is attached as Exhibit A.

6.      Accordingly, on February 6, 2008, one of Mr. Werner's attorneys sent ERS a letter advising ERS that Mr. Werner was represented by an attorney, and requesting that ERS provide the basis for the $71.80 in "collection costs", which ERS asserted was owed by Mr. Werner in ERS's January 10, 2008 letter.  A copy of the facsimile letter is attached as Exhibit B.

7.      On March 10, 2008, Defendant ERS responded with a letter that purportedly had enclosed the requested information, but which actually had no enclosure and which now referred to the $71.80 charge as "MISC".  A copy of this letter is attached as Exhibit C.

8.      All of the collection actions at issue occurred within one year of the date of this Complaint.

9.      The statements in Defendant's form collection letters are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd.

2

Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violations Of § 1692e Of The FDCPA –
### Making False Statements

10.   Plaintiff adopts and realleges ¶¶ 1-9.

11.   Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to: the false representation of the character, amount or legal status of any debt. See, 15 U.S.C. § 1692e(2)(A).

12.   By misrepresenting the character and amount of the Verizon Wireless debt, and by attempting to collect an unauthorized collection fee, Defendant ERS made a false, deceptive, and/or misleading statement, in violation of § 1692e of the FDCPA.

13.   Defendant's violation of § 1692e of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA –
### Unfair And Unconscionable Collection Actions

14.   Plaintiff adopts and realleges ¶¶ 1-9.

15.   Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. See, 15 U.S.C. § 1692f(1).

16.   By misrepresenting the character and amount of the Verizon Wireless debt and by attempting to collect an unauthorized collection fee, Defendant ERS used unfair and unconscionable collection actions, in violation of § 1692f of the FDCPA.

3

17.     Defendant's violation of § 1692f of the FDCPA renders it liable for

damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff Jeffrey Werner prays that this Court:

1.     Declare that Defendant's debt collection practices violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Werner, and against Defendant, for

damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the

FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff Jeffrey Werner, demands trial by jury.

Jeffrey Werner,

By:
One of Plaintiff's Attorneys

Dated: May 16, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com

4